IGNACIA S. MORENO, Assistant Attorney General
ROMNEY PHILPOTT, Trial Attorney (Colo. Bar No. 35112)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-0258
Facsimile: (202) 305-0506
romney.philpott@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB,<br><br>Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT and KEN SALAZAR, Secretary of Interior,<br><br>Defendants. | 5:11-cv-06174-PSG<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COME NOW defendants the Bureau of Land Management ("BLM") and the Honorable Ken Salazar, in his official capacity as United States Secretary of the Interior (collectively, "Defendants"), and answer the allegations set forth in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, ECF No. 5, filed December 30, 2011 (hereinafter "Amended Complaint") as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Amended Complaint.

**I. Introduction**

1. The allegations set forth in paragraph 1 constitute Plaintiffs' characterization of this civil action and therefore require no responsive averment.

2. Defendants deny that the Hollister Field Office of the BLM held an oil and gas lease sale of approximately 2,700 acres of land in Monterey and Fresno counties on September 14, 2011, and aver that the California State Office held such a lease sale. The allegations set forth in the second, third, fourth, and fifth sentences of paragraph 2 constitute Plaintiffs' characterization of Environmental Assessment DOI-BLM-CA-0900-2011-04-EA (the "EA"), which speaks for itself and which is the best evidence of its contents. Defendants deny any allegation contrary to the plain language and meaning of the EA, and further deny that the EA failed to comply with all requirements of the National Environmental Policy Act ("NEPA") and the Mineral Leasing Act of 1920 ("MLA"). The sixth allegations set forth in the sixth sentence of paragraph 2 constitute legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations set forth in the sixth sentence of paragraph 2.

3. The allegations set forth in paragraph 3 constitute Plaintiffs' characterization of their suit and require no response. To the extent a response is required, Defendants deny the allegations set forth in paragraph 3.

**II. Parties**

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4, and on that basis, deny them.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5, and on that basis, deny them.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6, and on that basis, deny them.

7. The allegations set forth in the first sentence of paragraph 7 constitute Plaintiffs' characterization of their suit and require no response. To the extent a response is required, Defendants deny the allegations set forth in the first sentence of paragraph 7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of paragraph 7, and on that basis, deny them. Defendants deny the allegations set forth in the third sentence of paragraph 7.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

8. Defendants admit the allegations set forth in the first two sentences of paragraph 8. The allegations set forth in the third sentence of paragraph 8 constitute conclusions of law that require no response.

9. Defendants admit the allegations set forth in the first sentence of paragraph 9. The allegations set forth in the second sentence of paragraph 9 constitute conclusions of law that require no response.

**III. Jurisdiction, Venue and Intradistrict Assignment**

10. The allegations set forth in paragraph 10 constitute conclusions of law that require no response.

11. The allegations set forth in paragraph 11 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations.

12. The allegations set forth in the first sentence of paragraph 12 constitute conclusions of law that require no response. With respect to the remaining allegations of paragraph 12, Defendants admit that the EA was developed from BLM's Hollister Field Office, which is in San Benito County, California, and that much of the land subject to the present action is located in Monterey County and deny the remainder.

13. Defendants admit that the BLM's Hollister Field office, in which the final decision was made, is in San Benito County and much of the land subject to the present action is located in Monterey County. The remaining allegations set forth in paragraph 13 constitute conclusions of law that require no response.

**IV. Legal Background**

**A. The National Environmental Policy Act**

14. The allegations set forth in paragraph 14 purport to characterize NEPA, which statute speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of the statute.

15. The allegations set forth in paragraph 15 purport to characterize NEPA, which statute speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of the statute.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

16. The allegations set forth in paragraph 16 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the regulations.

17. The allegations set forth in paragraph 17 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the regulations.

18. The allegations set forth in paragraph 18 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the regulations.

19. The allegations set forth in paragraph 19 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the regulations.

**B. The Mineral Leasing Act of 1920**

20. The allegations set forth in paragraph 20 purport to characterize the MLA, which statute speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of the statute.

21. The allegations set forth in paragraph 21 purport to characterize the MLA, which statute speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of the statute.

22. The allegations set forth in paragraph 22 purport to characterize regulations promulgated by BLM at 43 C.F.R. § 3161.2 and 3160.0-5, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the regulations. In addition, the allegations set forth in the final sentence of paragraph 22 constitute conclusions of law that require no response. To the extent a response is required, BLM denies the allegations.

## V. Factual and Procedural Background

**A. The Species and Habitats of the Lease Area**

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

23. Defendants admit that the areas leased by BLM for oil and gas development under the challenged sale are in Monterey and Fresno counties. The allegation that such areas are "within the habitat of threatened and endangered species" is too vague and general and without the context necessary to permit a specific response. To the extent a response is required, the allegations are denied, except that several listed species are likely present in the vicinity of the parcels located in Fresno County. Similarly, the allegation that the Monterey parcel is "within designated 'watershed areas' that are particularly important due to the location of the San Antonio Reservoir" is too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants admit that the EA discusses the fact that Monterey County General plans have designated certain BLM-administered lands in as "unimproved lands and watershed areas," and that the EA states that "[w]atershed uses are particularly important in this region due to the location of San Antonio Reservoir," and otherwise deny the allegations.

24. Defendants deny the allegations set forth in paragraph 24.

25. With respect to the allegations set forth in the first sentence of paragraph 25, Defendants aver that the San Joaquin kit fox was listed as endangered under the Endangered Species Act ("ESA") in 1967 and that it was listed under the California Endangered Species Act ("CESA") as endangered in 1971, but otherwise state that the allegations set forth in this sentence are too vague and general and without the context necessary to permit a specific response. With respect to the allegations set forth in the second sentence of paragraph 25, Defendants aver that loss of native habitat remains a threat to this species, but otherwise state that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, deny them.

26. The allegations set forth in paragraph 26 purport to characterize the contents of and quote from the Recovery Plan for the Upland Species of the San Joaquin Valley, a document which speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of such document.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

27. The allegations set forth in paragraph 27 purport to characterize the contents of and quote from a "5 year review" by Fish and Wildlife Service ("FWS"), a document which speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of such document.

28. Defendants admit that suitable foraging habitat conditions are present for the San Joaquin kit fox within parcels in Fresno County subject to the lease sale at issue in this litigation, but deny the remaining allegations set forth in paragraph 28.

29. Defendants aver that the blunt-nosed leopard lizard was listed as endangered under the ESA in 1967 and that it is listed under the CESA as endangered, but otherwise state that the allegations set forth in paragraph 29 are too vague and general and without the context necessary to permit a specific response, and further aver that the final ruling to list the blunt-nosed leopard lizard as endangered did not include a discussion of the threats to the species.

30. The allegations set forth in the first sentence of paragraph 30 purport to characterize the contents of and quote from an unidentified FWS document. Any such document speaks for itself and is the best evidence of its content, and Defendants deny any allegation contrary to the plain language and meaning of such document. The allegations set forth in the second sentence of paragraph 30 purport to characterize the contents of and quote from a "5 year review" from FWS, a document which speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of such document.

31. With respect to the allegations set forth in the first sentence of paragraph 31, Defendants admit that the blunt nosed leopard lizard occurs within parcels in Fresno County subject to the lease sale at issue in this litigation and deny the remaining allegations. The allegations set forth in the second sentence of paragraph 31 purport to characterize the EA, which speaks for itself and is the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of the EA.

32. With respect to the allegations set forth in paragraph 32, Defendants admit that the South-Central Coast Steelhead population within the South-Central California Steelhead Distinct Population Segment (DPS) has declined and that its "run sizes" have been reduced from its

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

historic numbers, including in the Salinas watershed. The remaining allegations set forth in paragraph 32 are too vague and general and without the context necessary to permit a specific response. To the extent a request is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 32, and on that basis, deny them. Additionally, Defendants specifically deny the allegation that run sizes of steelhead from the South-Central California Steelhead DPS would likely be affected by oil and gas development of the lease sale areas.

33. The allegations set forth in paragraph 33 regarding the "primary threat to steelhead" and "urban, agricultural and industrial development" are too vague and general and without the context necessary to permit a specific response. To the extent a request is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33, and on that basis, deny them.

34. Defendants admit the allegations set forth in the first sentence of paragraph 34. Defendants deny the allegations set forth in the second and third sentences of paragraph 34.

35. Defendants admit that California condors were listed as an endangered species under the ESA in 1967, that they nearly became extinct, that their numbers are slowly increasing, that they are one of the most endangered vertebrates in California, and that their wild populations are not currently considered to be self-sustaining. The remaining allegations set forth in paragraph 35 are too vague and general, and without the context necessary to permit a specific response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations, and on that basis, deny them.

36. With respect to the allegations set forth in the first sentence of paragraph 36, Defendants admit that efforts to protect and aid the recovery of the California condor has resulted in the expenditure of tens of millions of dollars. The remaining allegations set forth in the first sentence, particularly with respect to its allegation that the condor is the subject of "one of the largest species recovery efforts in U.S. history" are too vague and general and without the context necessary to permit a specific response. To the extent a request is required, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations, and

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

on that basis, deny them. The allegations set forth in the second sentence of paragraph 36 purport to characterize and quote from a comment letter, which speaks for itself and provides the best evidence of its content. Defendants deny any allegation contrary to the plain language and meaning of any such comment letter.

37. Defendants deny the allegations set forth in the first sentence of paragraph 37, and aver that as of April 26, 2011, the condor population was at approximately 394, including about 200 birds in the wild, of which about 100 are in California. The allegations set forth in the second and third sentences of paragraph 37, which refer to "a substantial portion of remaining condors," residing or being in "relative proximity" to and the "general area of the leases," and the "opportunity for interaction between condors and oil and gas developments" being "substantial" are too vague and general, and without the context necessary to permit a specific response. To the extent a response is required, Defendants admit that the lease sale units in Monterey County are within the current range of the California condor, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, deny them.

38. Defendants admit that the Audubon Society has designated the San Antonio Valley and the King City Grasslands as Important Bird Areas (IBAs), but deny the remaining allegations set forth in paragraph 38.

39. Defendants admit that the San Antonio Valley IBA encompasses the area immediately surrounding the San Antonio reservoir, and otherwise state that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 39, and on that basis, deny them.

40. The allegations set forth in paragraph 40 constitute a summary of the preceding allegations, and as such, are too vague and general, and without the context necessary to permit a specific response. To the extent a response is required, Defendants incorporate by reference their responses to paragraphs 23 through 39.

**B. Impacts of Oil and Gas Leasing and Development: Fracking, Oil Spills, and Methane Leakage**

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

**1. Hydraulic Fracturing**

41. Defendants deny the allegations set forth in paragraph 41, and aver that no specific drilling method, including hydraulic fracturing, was approved as a result of this lease sale.

42. Defendants admit that hydraulic fracturing can involve injecting pressurized fluid into rock formations' to propagate fractures in the rock layers and allow the release of oil and natural gas. Defendants deny the remaining allegations set forth in paragraph 42.

43. The allegations set forth in the first and second sentences of paragraph 43 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, the allegations set forth in the first and second sentences are denied. The allegations set forth in the third, fourth, fifth, sixth, and seventh sentences of paragraph 43 are likewise are too vague and general and without the context necessary to permit a specific response, particularly because they characterize unidentified reports, which speak for themselves and are the best evidence of their content. To the extent a response is required, any allegation contrary to the plain language or meaning of such reports is denied.

44. The allegations set forth in the first sentence of paragraph 44 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants admit that hydraulic fracturing can involve the use of large amounts of water, but otherwise deny the allegations. With respect to the allegations set forth in the second sentence of paragraph 44, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, deny them. The allegations set forth in the third sentence of paragraph 44 purport to characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to the plain language and meaning of the EA. The allegations set forth in the fourth sentence of paragraph 44 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants deny the allegations.

45. The allegations set forth in paragraph 45 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants admit that production of oil and gas, including through the use of hydraulic fracturing, can result

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

in emissions of gaseous and particulate matter, including emissions of nitrous oxides, volatile organic compounds, and particulate matter, and otherwise deny the allegations.

46. The allegations set forth in the first sentence of paragraph 46 are too vague and general and without the context necessary to permit a specific response, particularly because they appear to characterize unidentified reports or other sources of information, which documents speak for themselves and are the best evidence of their content. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of paragraph 46, and on that basis, deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 46, and on that basis, deny them.

47. The allegations set forth in the first sentence of paragraph 47 purport to characterize and quote from the EA, which speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied. The allegations set forth in the second, third, and fourth paragraphs purport to characterize and quote from unidentified reports, which documents speak for themselves and are the best evidence of their content. Any allegation contrary to the plain language or meaning of any such reports is denied.

48. The allegations set forth in paragraph 48 purport to characterize and quote from a July 2011 report from the U.S. Department of Energy's Energy Information Administration, which speaks for itself and provides the best evidence of its contents. Any allegation contrary to the plain language or meaning of such report is denied.

**2. Oil Spills and Habitat Contamination**

49. The allegations set forth in paragraph 49 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants deny the allegations, construing them as being made specific to "oil and gas development under the lease sales" at issue in this litigation.

50. The allegations set forth in paragraph 50 are too vague and general and without the context necessary to permit a specific response.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

51. Defendants admit that exposure to brine under some circumstances can be lethal to young waterfowl, but further aver that no waterfowl or waterfowl habitat would be affected by the lease sales at issue in this litigation.

52. The allegations set forth in paragraph 52 are too vague and general and without the context necessary to permit a specific response, particularly because they appear to characterize unidentified reports or other sources of information, which documents speak for themselves and are the best evidence of their content. To the extent a response is required, any allegation contrary to the plain language or meaning of any such reports is denied.

**3. Methane Leakage**

53. The allegations set forth in paragraph 53 are too vague and general and without the context necessary to permit a specific response, particularly because the allegations refer to oil and gas development and methane emissions (and their alleged effects) in general terms. To the extent a response is required, Defendants admit that oil and gas production can result in releases of methane, but otherwise deny the remaining allegations of paragraph 53, particularly with respect to any contention that the lease sale at issue in this litigation will result in impacts to air quality or global warming.

54. The allegations set forth in the first sentence of paragraph 54 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied. The allegations set forth in the second sentence of paragraph 54 appear to characterize a report or document issued by the U.S. Environmental Protection Agency ("EPA"), which speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of such report or document is denied.

55. With respect to the allegations set forth in the first sentence of paragraph 55, Defendants admit that the majority of the acres included in lease sale occur in Monterey County. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence of paragraph 55, and on that basis, the allegations are denied. The allegations set forth in the second sentence of paragraph 55 are too

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

vague and general and without the context necessary to permit a specific response, particularly as they reference "particularly large" amounts of methane gas. To the extent a response is required, Defendants admit that development of oil and gas associated with a shale formation may result in emissions of methane gas, and otherwise deny the allegations.

56. Defendants deny the allegations set forth in the first sentence of paragraph 56, and aver that emissions of methane from oil and gas development do not necessarily reflect waste and inefficiencies in the production process. The allegations set forth in the second sentence of paragraph 56 constitute Plaintiffs' characterization of EPA's Natural Gas STAR" program, which program. To the extent a response is required, Defendants deny the allegations set forth in the second sentence of paragraph 56, and aver that and that EPA's Natural Gas STAR program is a voluntary partnership that encourages natural gas and oil companies to adopt proven, cost-effective technologies and practices that improve operational efficiency and reduce methane emissions. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third and fourth sentences of paragraph 56, and on that basis, deny them. The allegations set forth in the fifth sentence of paragraph 56 are too vague and general and without the context necessary to permit a specific response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth sentence of paragraph 56, and on that basis, deny them.

**C. BLM's Lease Sale and Environmental Assessment**

57. Defendants admit the allegations set forth in the first sentence of paragraph 57. The allegations set forth in the second sentence of paragraph 57 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied.

58. Defendants admit the allegations set forth in paragraph 58.

59. Defendants admit that the final EA contains changes from the draft EA; that BLM issued the final EA and FONSI on June 16, 2011; and that BLM announced that it would hold a sale of the parcels on September 14, 2011. The remaining allegations of paragraph 57 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied.

60. The allegations set forth in paragraph 60 constitute Plaintiffs' characterization of their protest, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the protest is denied.

61. Defendants admit the allegations set forth in paragraph 61.

62. Defendants admit the allegations set forth in paragraph 62.

63. The allegations of paragraph 63 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied. Additionally, Defendants expressly deny that the EA failed to analyze numerous impacts associated with and flowing from the September 14, 2011 lease sale.

64. The allegations of paragraph 64 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied. Additionally, Defendants expressly deny that the EA was fundamentally flawed as a result of the scope of its analysis.

65. With respect to the allegations set forth in the first sentence of paragraph 65, Defendants admit that any development proposals will be subject to site-specific NEPA and ESA review, but otherwise deny the allegations. The allegations set forth in the second sentence of paragraph 65 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied.

66. The allegations set forth in paragraph 66 are too vague and general to allow for a specific response. In addition, the allegations set forth in paragraph 66 constitute legal conclusions to which no response is required.

## VI. Claims for Relief

## FIRST CLAIM FOR RELIEF

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

67. Defendants incorporate their responses to all the allegations contained in the Amended Complaint herein by reference.

68. The allegations set forth in paragraph 68 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of NEPA and its implementing regulations.

69. The allegations set forth in the first sentence of paragraph 69 constitute Plaintiffs' characterization of the EA, a document that speaks for itself and provides the best evidence of its content. Any allegation contrary to the plain language or meaning of the EA is denied. Defendants deny the remaining allegations set forth in paragraph 69.

70. The allegations set forth in Paragraph 70 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70.

71. The allegations set forth in Paragraph 71 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 71.

72. The allegations set forth in Paragraph 72 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 72.

73. The allegations set forth in Paragraph 73 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 73.

74. The allegations set forth in Paragraph 74 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 74.

75. The allegations set forth in Paragraph 75 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 75.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

76. The allegations set forth in Paragraph 76 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 76.

77. The allegations set forth in Paragraph 77 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 77.

**SECOND CLAIM FOR RELIEF**

78. Defendants incorporate their responses to all the allegations contained in the Amended Complaint herein by reference.

79. The allegations set forth in the second sentence of paragraph 79 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of NEPA and its implementing regulations. The remaining allegations set forth in paragraph 79 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the remaining allegations set forth in paragraph 79.

80. The allegations set forth in the second and third sentences of paragraph 80 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the implementing regulations. The remaining allegations set forth in paragraph 80 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the remaining allegations set forth in paragraph 80.

81. The allegations set forth in paragraph 81 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in paragraph 81.

**THIRD CLAIM FOR RELIEF**

82 Defendants incorporate their responses to all the allegations contained in the Amended Complaint herein by reference.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

83. The allegations set forth in paragraph 83 purport to characterize the MLA which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to the plain language and meaning of the statute.

84. The allegations set forth in paragraph 84 purport to characterize the MLA's implementing regulations, which speak for themselves and are the best evidence of their content. Defendants deny any allegation contrary to the plain language and meaning of the implementing regulations.

85. The allegations set forth in paragraph 85 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in paragraph 85.

86. The allegations set forth in paragraph 86 constitute conclusions of law that require no response. To the extent a response is required, Defendants deny the allegations set forth in paragraph 86.

**VI. Prayer for Relief**

1. Paragraph 1 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

2. Paragraph 2 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

3. Paragraph 3 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

4. Paragraph 4 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

5. Paragraph 5 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

6. Paragraph 6 consists of Plaintiffs' prayer for relief, which requires no response. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation not specifically admitted above.

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

**SEPARATE DEFENSES**

**FIRST DEFENSE**

Plaintiffs have failed to state a claim or claims upon which relief can be granted.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over some or all of the claims asserted.

**THIRD DEFENSE**

Plaintiffs lack standing to assert some or all of the claims presented.

**FOURTH DEFENSE**

Plaintiffs failed to exhaust administrative remedies for some or all of their claims.

**FIFTH DEFENSE**

Defendants reserve the right to allege additional defenses as they become known, and to amend their Answer accordingly.

WHEREFORE, Defendants deny all allegations not specifically admitted and deny that Plaintiff is entitled to any relief whatsoever. Defendants pray that this Court dismiss and strike the Complaint filed herein, award judgment to Defendants, award Defendants their costs of suit, and grant such other relief as the Court deems just and appropriate.

Dated: February 24, 2012

Defendants BUREAU OF LAND MANAGEMENT)
and KEN SALAZAR, Secretary of Interior

By their attorneys,

IGNACIA S. MORENO, Assistant Attorney General

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044

       Case5:11-cv-06174-PSG Document16 Filed02/24/12 Page18 of 20

*/s/ Romney S. Philpott*
ROMNEY S. PHILPOTT, Trial Attorney
Colo. Bar No. 35112
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

OF COUNSEL:

B. DEMAR HOOPER
Office of the Solicitor
U.S. Department of the Interior

DEFENDANTS' ANSWER 18 U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
5:11-cv-006174-PSG Washington, D.C. 20044

Case5:11-cv-06174-PSG Document16 Filed02/24/12 Page19 of 20

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB, | ) | 5:11-cv-06174-PSG |
| Plaintiffs, | ) | **Certificate of Service** |
| vs. | ) | |
| BUREAU OF LAND MANAGEMENT and KEN SALAZAR, Secretary of Interior, | ) | |
| Defendants. | ) | |

I hereby certify that on February 24, 2012, I electronically filed the foregoing ANSWER with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record:

Brendan R. Cummings
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Email: bcummings@biologicaldiversity.org

David Robert Hobstetter
Center for Biological Diversity
351 California Street
Suite 600
San Francisco, CA 94104
Email: dhobstetter@biologicaldiversity.org

Nathan D. Matthews
Sierra Club
85 2nd Street
Second Floor
San Francisco, CA 94105
Email: nathan.matthews@sierraclub.org

CERTIFICATE OF SERVICE FOR DEFENDANTS' ANSWER

5:11-cv-006174-PSG

2

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-0663

Case5:11-cv-06174-PSG Document16 Filed02/24/12 Page20 of 20

*/s/ Romney Philpott*
ROMNEY PHILPOTT

CERTIFICATE OF SERVICE FOR DEFENDANTS' ANSWER

3

5:11-cv-006174-PSG

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-0663