# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE BUREAU OF LAND MANAGEMENT and KEN SALAZAR, Secretary of the Department of the Interior,<br><br>        Defendants. | Case No. CV-11-06174-PSG<br><br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-9, parties to the above-entitled action, Plaintiffs Center for Biological Diversity and the Sierra Club, and Defendants the Bureau of Land Management (BLM) and Ken Salazar, Secretary of the Department of the Interior, submit this Joint Case Management Statement:

1. Jurisdiction and Service

The Court's jurisdiction is not presently in question, except that Defendants maintain that the Court lacks jurisdiction over Plaintiffs' claim under the Mineral Leasing Act of 1920 based upon, inter alia, *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) and Plaintiffs' lack of standing to prosecute such claim. All parties have been served.

2. Facts

This case concerns the BLM's decision to issue oil and gas leases for lands in California. On April 1, 2011, the Bureau of Land Management (BLM) notified the public of the availability of a draft environmental assessment (EA) for a proposed sale of oil and gas leases. BLM proposed to sell four parcels in Monterey and Fresno counties. On June 16, 2011, BLM provided notice that it would offer the parcels of land at a quarterly oil and gas lease sale held on September 14, 2011, in Sacramento, California. In conjunction with this notice, the BLM issued a final EA of the lease sale's impacts and a

finding of no significant impact (FONSI). BLM's notice stated that it would accept protests of the lease sale for thirty days after the posting of the sale notice. In a letter to BLM dated July 15, 2011, Plaintiffs protested all four parcels included in the lease sale, arguing that the agency had not complied with the National Environmental Policy Act (NEPA), and requesting that BLM cancel the sale and prepare an environmental impact statement (EIS). BLM considered Plaintiffs' protest timely and accepted it. On September 9, 2011, BLM dismissed the protest and moved forward with the lease sale. At the September 14, 2011, lease sale, BLM successfully auctioned a 2,343 acre parcel in Monterey County, and a 200 acre parcel and a 40 acre parcel in Fresno County. BLM sold the remaining acres after the initial sale.

3.  Legal Issues

Plaintiffs allege that: First, BLM improperly ignored or downplayed potential environmental impacts in its NEPA analyses and failed to analyze the nature, intensity, and extent of the lease sale's foreseeable effects. Thus, Plaintiffs argue that BLM has not taken the requisite hard look at the lease sale's environmental impacts, and its adoption of the EA and FONSI is arbitrary, capricious, and not in accordance with NEPA or the Administrative Procedures Act (APA). Second, BLM violated NEPA by approving the lease sale without preparing an EIS, in violation of NEPA and the APA. Third, BLM violated the Mineral Leasing Act (MLA) and APA by allowing lessees to release large amounts of methane in violation of the MLA's requirement that they protect natural resource and environmental quality, minimize waste, and minimize the adverse effect on the ultimate recovery of mineral resources.

Defendants maintain that BLM complied with all its obligations under NEPA, the MLA and APA in developing, analyzing and carrying the lease sale. Defendants further assert that Plaintiffs' claim under the MLA fails, among other reasons, because Plaintiffs lack prudential standing and Article III standing to bring the claim and because the claim fails as a matter of law.

4.  Motions

The parties anticipate that the case will be resolved on cross-motions for summary judgment. The parties anticipate that no other motions will likely need to be filed. However, as described below, if the parties are unable to agree on the content and/or adequacy of the administrative record prepared by

Defendants, a motion to supplement and/or complete the record may be filed by Plaintiffs. Additionally, while the parties presently believe this case can be resolved on a timeframe obviating any need for Plaintiffs to seek preliminary injunctive relief, should circumstances change, the parties would attempt to reach agreement on a proposed schedule for any such motion if Plaintiffs believed such a motion had become necessary.

5. Amendments of Pleadings

The parties do not anticipate any further amendments to the pleadings at this time.

6. Evidence Preservation

The BLM will prepare the administrative record in accord with its duty to do so under the APA, and there is no need for an evidentiary preservation order.

7. Disclosures

This action is exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26 because it is an action for review on an administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

8. Discovery

The parties do not anticipate any discovery because this case is an action for review on an administrative record.

9. Class Actions

Not applicable.

10. Related Cases

The parties are not aware of any related cases.

11. Relief

Plaintiffs seek a declaratory judgment that BLM has violated NEPA, the MLA and the APA and request that the court vacate and remand BLM's lease. Defendants maintain that Plaintiffs are not entitled to this relief. There are no counterclaims.

12. Settlement and ADR

The parties do not believe that settlement is likely or that ADR proceedings would assist the deposition of the case. The parties filed a Notice of Need for ADR Phone Conference which is

1   scheduled to take place on March 9, 2012.

2       13. <u>Consent to Magistrate Judge for All Purposes</u>

3          The Parties have consented to the determination of this case by Magistrate Judge Grewal.

4       14. <u>Other References</u>

5          The parties do not believe at this time that this case is suitable for additional references.

6       15. <u>Narrowing of Issues</u>

7          The parties believe that this case is best resolved on cross-motions for summary judgment.

8       16. <u>Expedited Schedule</u>

9          The parties do not believe an expedited schedule is appropriate.

10      17. <u>Scheduling</u>

11         Due to the size of the administrative record, the parties propose the following page limits and

12  schedule for resolution of this case on cross-motions for summary judgment:

| | |
|---|---|
| April 24, 2012: | Defendants shall submit the Administrative Record to the Court. Due to the size of the record, Defendants shall submit it on a compact disc or discs. |
| July 9, 2012: | Plaintiffs' Motion for Summary Judgment (limited to 45 pages of text) |
| September 7, 2012: | Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion (limited to 45 pages of text |
| October 8, 2012: | Plaintiffs' Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Cross-Motion (limited to 25 pages of text) |
| November 7, 2012: | Defendants' Reply in Support of Motion for Summary Judgment (limited to 25 pages of text) |

26         Plaintiffs request a hearing on the cross-motions for summary judgment. The Parties request

27  that, if the Court elects to set a hearing, the hearing be set on November 30, 2012, or at some date

1  convenient to the Court that is as near as possible to the close of briefing.

2        In the event the parties are unable to resolve any disputes regarding the adequacy of the

3  Administrative Record, the schedule above would likely need to be amended to allow for resolution of

4  any such dispute. The parties propose that any motion regarding the record be filed according to the

5  following schedule:

6  June 4, 2012:                        Deadline for any motion regarding the record.

7  June 18, 2012:                       Deadline for Opposition

8  June 25, 2012:                       Deadline for Reply

9        Before filing any motion, the prospective moving party shall confer with the other party in order

10  to attempt resolution without judicial intervention. The parties believe that any record dispute can likely

11  be resolved by the Court without the need for a hearing. In the event a motion regarding the record is

12  filed, the parties will confer following the Court's ruling on the motion and propose to the Court a

13  revised schedule for resolution of the merits of the case.

14       18. Trial

15        The parties anticipate that this case will be resolved on cross-motions for summary judgment,

16  and that as a result, a trial will not be necessary.

17       19. Disclosure of Non-party Interested Entities or Persons

18        Plaintiffs have no interest that must be disclosed pursuant to Civil Local Rule 3-16, and

19  submitted the necessary certification stating that there is no such interest to the Clerk on December 8,

20  2011. Civil Local Rule 3-16 does not apply to Defendants. *See* Civil L.R. 3-16(a).

21       20. Other Matters

22        The parties respectfully request that they be permitted to participate in the initial Case

23  Management Conference set for March 13th by teleconference.

24

25  Dated: March 6, 2012                 Respectfully submitted,

26                                       /s/ David R. Hobstetter_____
                                         David R. Hobstetter (CA Bar No. 277344)
27                                       CENTER FOR BIOLOGICAL DIVERSITY
                                         351 California Street, Suite 600
28

San Francisco, CA 94104
Phone: (415) 436-9682 x321
Facsimile: (415) 436-9683
Email: dhobstetter@biologicaldiversity.org

Brendan Cummings (CA Bar No. 193952)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 549
Joshua Tree, CA 92252
Phone: (760) 366-2232
Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org

Nathan Matthews (CA Bar No. 264248)
SIERRA CLUB
85 2nd St., Second Floor
San Francisco, CA 94105
Phone: (415) 977-5695
Facsimile: (415) 977-5793
Email: Nathan.Matthews@sierraclub.org

Attorneys for Plaintiffs
CENTER FOR BIOLOGICAL DIVERSITY
and SIERRA CLUB


IGNACIA S. MORENO
Assistant Attorney General


_/s/ Romney S. Philpott_____
ROMNEY S. PHILPOTT, Trial Attorney
Colo. Bar No. 35112
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0258
Facsimile: (202) 305-0274
romney.philpott@usdoj.gov

Attorneys for Defendants
BUREAU OF LAND MANAGEMENT and KEN
SALAZAR, Secretary of the Interior

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

CENTER FOR BIOLOGICAL
DIVERSITY and SIERRA CLUB,

     Plaintiffs,

  v.

THE BUREAU OF LAND
MANAGEMENT and KEN SALAZAR,
Secretary of the Department of the Interior,

     Defendants.

Case No. CV-11-06174-PSG

**ATTESTATION FOR JOINT CASE
MANAGEMENT STATEMENT**

     Pursuant to General Order 45X, I attest that Romney S. Philpott has concurred in the filing of this document.

Dated: March 6, 2012

Respectfully submitted,

 /s/ David R. Hobstetter
David R. Hobstetter (CA Bar No. 277344)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682 x321
Facsimile: (415) 436-9683
Email: dhobstetter@biologicaldiversity.org

ATTESTATION FOR JOINT CASE
MANAGEMENT STATEMENT
No. CV-11-06174-PSG